All right, we will take up the next case on the argument calendar, Singh v. Bondi. Whenever you're ready, Counsel. Thank you. Good morning, Your Honors. May it please the Court, my name is Jessica Anlayu and I represent the detained petitioner in this matter, Jitinder Singh. I would like to reserve two minutes for rebuttal. Petitioner in this matter is appealing an adverse credibility finding that occurred during his reasonable fear interview and then was affirmed by an immigration judge. Petitioner is seeking remand for full withholding only proceedings where the evidence establishes a reasonable possibility of persecution or torture. This Court reviews the adverse credibility finding for substantial evidence. I'm sure you've heard this many times before, but reading an argument is not a good idea. Thank you, Judge. Your Honor, we're asking first that this Court find that there was no inconsistent statements made and that the substantial evidence doesn't support the IJ's affirmance in this matter. Given that the immigration judge issued a determination without any explanation, we refer to the asylum officer's reasoning. While the officer could have referred on a lot of different factors when making their decision, she only relied on the alleged inconsistent statements. Counsel, you say there are no inconsistencies. I'm looking at the record of 131. He said he was beaten three times by party members, and then didn't he later change that, that it was once by police? Yes, Your Honor. So that is an inconsistency. Whether it's material enough is a different question. But isn't that – you said there were no inconsistencies. Isn't that an inconsistency? Judge, we would say that it's not an inconsistency because he later testifies that he believes the BJ – oh, sorry, Judge, you're referring to how many times he was beaten. No, I'm referring to who beat him. Okay. Judge, we would say it's not an inconsistency because he later testifies that he finds the BJP to be part of the government, which relates to the police. Well, didn't he actually say that more specifically that when asked how did he know that this was BJP, he said because the car said Indian government? Yes, Your Honor, and he also referenced that they were wearing uniforms, and so that's how – like tan-colored uniforms, and that's how he believed that they were part of the government. And so while maybe not – So he basically thought they were all the same. He thought they were all the same. Which seems to be the case. That seems to be the understanding, Your Honor. Well, I mean, I read the record a little differently. He said, I was beaten three times by BJP party workers, and then he changes that to police with a normal protest attack that – so to me, like the asylum officer, I see that as an inconsistency. Yeah, I suppose, Judge, that it's going to be – Your Honor, it's going to be based on your reading. And if it was an inconsistency, we would assert that he did later explain the inconsistency, again, where he states that BJP is the police, that he considers them all the same. And in the totality of the circumstances, when we look at the other two inconsistencies that the asylum officer lists, I would say that there wasn't any other – any other inconsistencies. And I'd like to draw the Court's attention to one of those in particular when they ask why he was targeted. And I'm referencing specifically the administrative record at 140. They say that – the officer stated that he said he was inconsistent as to why he was being targeted, saying that he first said that they came – he was targeted because they came to his village to sell drugs, and he opposed. And then he allegedly later testified he was harmed because of his political involvement. But if we take a little closer look at the testimony on – and I'm referencing the administrative record of 132, he testifies – and I'm just going to turn to that if you don't mind, Your Honors. But he testifies first that he – that he was being targeted. They made comments regarding him being Sikh. Then they told him that they needed to join his party. Then when they ask why did you – why did they target you, he also states because they came to my village to sell drugs and I opposed them. And so when we look at the testimony and the totality of circumstances that he gave, he lists all three reasons. So there's not an inconsistency when the officer later confronts him about it and says you stated – and this is on AR-135 – you stated that the BJP targeted you because you opposed them when they came to sell drugs, and now you're saying it's because you wanted them to join their party, when on AR-132 he literally testifies, and I quote, they told – they said we told you to stay away and join our party. So there's no inconsistency in that matter at all. So what if – if we were of the view that that inconsistency was not inconsistent but there was at least a – maybe a reasonable person could think that there was an inconsistency as to this third event, third attack by the police. Why do we do that? Judge, we're asking that this Court consider that we – Andra, what? I'm sorry. We're asking that this Court remand for full removal because we would assert that the immigration judge, when this case was referred to her, failed to conduct a de novo review, which is kind of the – I mean, really I think the crux of our argument. When we look at – when we – when the petitioner went to court in front of the immigration judge, she failed to acknowledge any of the inconsistencies that she, on her de novo review, considered herself and gave the – and failed to give the petitioner any opportunity to explain any inconsistencies that she saw. Is there any case that you can cite that requires the IJ to do more than the IJ did here? Well, Judge, I do think in Dong v. Garland it says, quote, if the judge – if the immigration judge relies on purported inconsistencies to make an adverse credibility determination, they must provide with an opportunity to explain each inconsistency. And the petitioner wasn't afforded that here. If we're on a de novo review where the immigration judge is supposed to be reviewing this anew, afresh, we have no way to know what she perceived as inconsistencies. So wouldn't you have reason to know? She agrees with the reasoning and finding of the asylum office. But she never identified what she perceived to be an inconsistency. Well, she said the reasoning of the asylum office. So whatever the asylum office said.  If that's the case, Your Honor, then she failed to provide the petitioner an opportunity to explain each of those. I don't understand that. So I'm looking at page 12 where there is a discussion of – by your client's attorney as to why there was no credibility problem. Isn't that an opportunity to explain? I think the answer would be yes and no. I think that because when we're on a de novo review, if the immigration judge is reviewing this anew, right, we have no way to know. And I just want to use this as an example. If, as this Court, we just discussed just a few minutes ago, if this Court says, well, I could find in my own perception that perhaps this is why the petitioner thought that the government was the BJP, and that seems reasonable to me, but perhaps this inconsistency as to why he was targeted or by who, that the immigration judge should have questioned or at least pointed that out to counsel. Because I would note that prior counsel did make arguments that there were no inconsistencies. And if there were in the totality of circumstances, one inconsistency is not enough to find an adverse finding. So, counsel, I'd like to go back, if I could, for a minute to Judge Prezan's question. Let's say hypothetically we were to say that there was one or two valid inconsistencies, but let's say we rejected one of them. Let's say we rejected sort of the motive part. I think Judge Prezan's question is, what should we do? Well, Judge, then we should find that based on the totality of circumstances, in light of the country conditions that were submitted by petitioner on review, would find that there wasn't enough to affirm this decision for an adverse credibility finding. If we say that there's only one alleged inconsistency, and perhaps maybe there was, then based on the country conditions that support his claim that were submitted, that should have been enough in the totality of the circumstances to overcome it. So wouldn't we have to find that no reasonable adjudicator based on the evidence could rule the way the asylum officer and the IJ, basically that the IJ did? Yes. Did you want to reserve the rest of your time? Yes, I will. Thank you. And we'll give you a little bit more as well. That's okay. Thank you. Good morning again. May it please the Court. Courtney Moran on behalf of the Attorney General. This Court should deny the petition for review here because the asylum officer's adverse credibility finding is supported by substantial evidence. The immigration judge's review of that finding was more than sufficient under the regulations in this Court's decision in Bartolome. And most of the arguments that the petitioner is raising before this Court were not raised before the immigration judge and thus have been waived for failure to exhaust. In any event, all of the challenges to the adverse credibility finding, or excuse me, none of them compel this Court to remand such that no reasonable adjudicator could have made this adverse credibility finding. I think the tough question here, which has been raised by my colleagues, is what to do when you find that the hearing officer, immigration judge, relied on testimony that they thought was inconsistent but wasn't inconsistent and then there are other areas that they relied upon that were inconsistent. What do you do in that situation when you have a disagreement with the totality of the circumstances? Well, I think that because the credibility finding is based on the totality of the circumstances, even if the Court were to disagree with one of the three findings that the asylum officer made, that doesn't mean that no reasonable adjudicator could have made that adverse credibility finding based on the other two reasons. But I think that, more importantly, the petitioner here had the opportunity repeatedly before the asylum officer to explain his testimony and before the immigration judge to explain his testimony. The immigration judge wasn't required to allow him to testify under the regulation under Bartolome, but the immigration judge did. The judge asked if — I don't understand the relevance of that to the question that was asked. What is the relevance to the question of how we perceived if we determined that the asylum officer and the IHA were — had relied on — first of all, had fairly flimsy or minor inconsistencies to begin with and relied on at least one that was not actually inconsistent, what do we do next? How does the question that you were addressing have anything to do with that? So I think that first the court would have to decide that no reasonable adjudicator could have found that there were inconsistencies, and so I think that — Or that there was at least — let's say we decided that no reasonable adjudicator could decide that at least one inconsistency was inconsistent. Okay. So then there would still be the other two — Well, they're either two or one because the other one is all the same. It's whether there was, in fact, another — he said that there was another location, another instance at which the police were being violent. And so it's all of a piece. There's one other story, right? So there were — just to clarify, there were three inconsistencies. The reason — Well, you're saying there were three inconsistencies, but really — Right. But the asylum officer found — There were two inconsistencies because there either was or wasn't just a third instance in which the police were attacking a large crowd of people. The government's view is that there were an inconsistency as to two or three and an inconsistency whether we accept it or not is a different question. But the government's argument is, one, he said it was BJP, and then he said it was BJP and police, and the other was two versus three, right? Right. Thank you, Your Honor. I think that each of those were inconsistencies that the asylum officer perceived, and in each of those points the asylum officer asked the petitioner to explain the inconsistencies and then noted that the explanations either didn't really answer the question or added to the inconsistencies, which I think is getting to that. Although she never explained that, and I don't know what she meant by that. Well, I think — Forget about that. You still want your answer to my initial question, okay? I think that still, even if one of those three reasons the Court disagrees with, we're still left with the other two bases for the adverse credibility findings. So, again, the Court would have to decide that those two bases are not sufficient in this totality of the circumstances analysis to conclude that the — I mean, in some of the cases we have articulated the question as being what the — whether a find or a fact with one or more of the inconsistencies off the table would have made the same conclusion. Because the one way one ordinarily makes credibility determinations, anybody, is to take the totality of the circumstances. And once you pull out a piece of the totality of the circumstances, how can one say that the IJ would have made the same decision? If I say I don't believe him because he's not answering directly and he made this misstatement and that misstatement, and then it turns out that his misstatements weren't misstatements, how can one say that the find or a fact would have found the same thing? I think that might be a fair question on which reasonable minds could disagree, which means that this Court is not compelled to remand based on the evidence that is in the record. I also think that the time to raise issues like that would have been before the immigration judge. If the petitioner wanted to explain his testimony, which he already knew that his lawyer had made an argument, and then the immigration judge questioned the petitioner, and he answered in a couple of ways that, again, added to the inconsistencies because he mentioned additional bases that he feared harm. He also mentioned a new alleged attack that he hadn't mentioned in his interview before the asylum officer. What was that? He said that he had been attacked in 2019 before his initial entry into the United States. All right, go ahead. I'm looking, but keep going. Sorry, I'm not finding it right now. Why don't you just continue with your argument, counsel? Okay. So I think that, again, when the asylum officer is considering these, you know, during this abbreviated procedure before the asylum officer and then before the immigration judge, all that the agency is required to do is ask questions to elicit testimony if the petitioner had the asylum officer's findings before going to the immigration judge. So he was aware, he was on notice of the findings that the asylum officer had made, and so his presentation before the immigration judge was his time to explain any of the perceived inconsistencies. He also had the opportunity to submit additional evidence. He submitted country conditions documents, but none of that went to the adverse credibility findings. So, counsel, was the reference that you had had on page 10 of the record, why did you come to the U.S. the last time? At that time, also, I had the same attack by BJP, and also I came to seek asylum. So you had been assaulted before you came to the U.S. in 2019. Was that your reference? Yes, Your Honor. Thank you for finding that. Page 10, the transcript before the IJ. Okay. The administrative record, page 10, yeah, page 7 of the transcript and page 10 of the administrative record. Yes, I see, I see. Again, in this posture, the evidence in the record for the court to remand would have to compel any reasonable adjudicator to make a different credibility finding. The evidence in the record does not compel that conclusion here, and we ask the court to deny the petition for review. All right, thank you. Thank you. So we'll give you two minutes. Just briefly, Your Honors, I want to address the respondent's argument regarding exhaustion. We would note that we had prior counsel and the petitioner had no way to know that the immigration judge was going to neglect to provide a reasoned decision, apply her de novo review, or ignore evidence provided by prior counsel. So these are all arguments that could not have been raised before anyone but before this court. And as far as the inconsistencies, prior counsel never concedes the adverse credibility finding. She argues in her arguments before the immigration judge that based on, as she says, the totality of the circumstances, that if the court were to find what she perceives as maybe one inconsistencies, that he reasonably explained it and that the country conditions supported it. And so we would state that based on the evidence and the testimony provided by Petitioner during the immigration review. What in the country conditions reports do you think is relevant here? I think we would turn to this Court specifically, and we list them in our brief, but there's, I think, some specific country conditions that I think would collaborate his testimony that goes to credibility, specifically regarding the Sikh-led farmer protests, and that's on AR-39, where it specifically says that Modi's government grew frustrated with Sikh-led farmer protests in 2021, and they were labeled as Calistanis. And I think especially related to the drug-related comment where he states that he was targeted because the persecutors said that he opposed, you know, this drug distribution, and that's on AR-34. The country conditions state that violence in Pujab is directly related to narcotics trafficking, and that farmers, Sikh farmers specifically, just like the Petitioner, are being crushed by that, and that is compounded by political alienation of minority Sikh communities. So I do think that all of this does collaborate and goes to the totality of the circumstances that his testimony is credible. So we'd ask this Court to remand for full withholding only proceedings, and I do think that this circuit's time and consideration in this matter. Thank you. We thank counsel for their arguments. The case just argued is submitted. We'll now proceed to the next case on the argument calendar, Mahmoud v. Bondi.
judges: BERZON, BENNETT, Tunheim